Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
GLUCK LAW FIRM
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TWENTY ONE PILOTS, LLC,

Plaintiff,

v.

WHALECO, INC., a Delaware Corporation, individually, and doing business as "Temu"; and DOES 1-10,

Defendants.

Case No. _____

**COMPLAINT FOR:**

1. Trademark Infringement; And
2. Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. §1125(a));
3. Unfair Competition under California Business and Professions Code §§ 17200, et seq.;
4. Unfair Competition under California Common law;
5. Relief for Violation of California Civil Code §3344;
6. Misappropriation of Likeness under California Common Law;
7. Violation of 15 U.S.C.A. § 1114
8. Violation of 15 U.S.C.A. § 1125

**JURY TRIAL DEMANDED**

Plaintiff, Twenty One Pilots, LLC ("TOP") by and through its undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## INTRODUCTION

TOP brings this action against Whaleco Inc., individually and doing business as "Temu" (collectively, "Temu") to seek redress as set forth below.

Temu is widely understood to be one of the most unethical companies operating in today's global marketplace. Its business practices are believed to pose great threats to individuals, marketplaces, and the environment.

Per a complaint recently filed by the State of Nebraska, Temu presents numerous discrete and dramatic risks. It has "flooded the United States with cheap products"; its "app operates as malware" that "unlawfully exfiltrate[s]" sensitive user data, which then "naturally flows to its powerful patron—the Chinese Communist Party."[1] And Temu's "platform fuels a whole host of other harms. The examples are legion: the platform is awash in products infringing copyrights and other intellectual property, Temu engages in "greenwashing," and it has platformed sellers who use forced labor for the production of goods." See id.

On another occasion, a Select Committee questioned Temu's treatment of its employees and found it to be virtually guaranteed that Temu has violated U.S. law by sending into the U.S. "products made with forced labor" on a "regular basis."[2] And the Arkansas Attorney General has sued Temu, asserting that it is "a data-theft business" masquerading as an online store, run by "a cadre of former Chinese

---

[1] See https://ago.nebraska.gov/sites/default/files/doc/2025.06.06%20%20-%20Temu%20Complaint%20%28Final%20-%20File%20Stamped%29.pdf (last visited June 16, 2025 at 3:23 pm EST)

[2] https://selectcommitteeontheccp.house.gov/sites/evo-subsites/selectcommitteeontheccp.house.gov/files/evo-media-document/fast-fashion-and-the-uyghur-genocide-interim-findings.pdf

Communist Party officials" that are looking to improperly install malware and spyware on the devices of U.S. citizens. [3] A recent lawsuit also alleges that Temu's entire operation is a scam, with Temu losing "30-50 percent on every U.S. order placed."[4] If all of this wasn't bad enough, Temu's products tend to be toxic, with one recently found to include deadly lead in an amount "more than 11 times the permissible limit."[5] And Temu's approach to intellectual property laws is similarly offensive, with its business notable for its numerous "accusations of copyright infringement." [6] Temu is known to exercise ironclad control over what products are sold on its platform, how much they are sold for and how they are manufactured.[7] Meaning Temu essentially functions as "a vertically integrated manufacturer and retailer," making it even more "vulnerable to claims that it sells pirated products."[8]

Most recently, Temu was alleged to have violated the *INFORM Consumers Act*, which protects the public from deceitful and exploitative online marketplace behavior. Finally, Temu regularly markets, sells, and ships products that are offensive and problematic, as reflected in the illustrative examples below, endorsing homophobia, inciting violence, and violent criminal gang activity:

---

[3] https://arkansasag.gov/news_releases/attorney-general-griffin-sues-chinese-e-commerce-company-temu-for-deceiving-arkansans-illegally-accessing-their-personal-information/

[4] *Roadget Business Pte. Ltd. v. PDD Holdings, Inc*., CV 1:24-cv-2402 (U.S.D.C. Dist. Columbia 2024)

[5] https://www.lemonde.fr/en/international/article/2024/08/14/shein-and-temu-products-found-to-contain-high-levels-of-toxic-chemicals_6715032_4.html

[6] https://www.uscc.gov/sites/default/files/2023-04/Issue_Brief-Shein_Temu_and_Chinese_E-Commerce.pdf

[7] https://www.theinformation.com/articles/temu-keeps-an-iron-grip-on-suppliers-exposing-itself-to-u-s-ban-threat

[8] https://www.theinformation.com/articles/temu-keeps-an-iron-grip-on-suppliers-exposing-itself-to-u-s-ban-threat

**Temu Product Exemplars:**



The above are two representative examples of the type of product Temu markets and sells and reflect only the tip of the iceberg, underneath which is a veritable swamp of infringing and otherwise illegal products. Temu's pattern of flouting the law and attempting to exploit the hard work and creativity of others without consent is manifest in the claims at issue here. Temu manufactures and sells a myriad of items that are counterfeit or blatant copies of Plaintiff's artwork, trademarks, and intellectual property. Instead of policing its products to guard against infringement, it chooses to profit from sales of such products, in disregard of

artist and brand rights. And, should an artist seek to hold them to account, they falsely claim to be exempt from liability, invoking 17 U.S.C. § 512 despite failing to qualify for the statute's protections. Immediate and substantial relief is thus appropriate.

## JURISDICTION AND VENUE

1.    This action arises under Section 39 of the Lanham Act (15 U.S.C. § 1121).

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) and has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    TOP is a Ohio corporation with a primary business address at 500 S Front Street, Suite 250, Columbus, Ohio, 43215.

5.    Plaintiff is informed and believe and thereon alleges that Defendant, Whaleco Inc. ("Temu"), is a Delaware corporation that claims to have principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116. Whaleco Inc. d/b/a "Temu" owns and operates an online retail store under the Temu brand at https://www.temu.com. "Temu" means "Team Up, Price Down." Temu is registered to do business in the state of California with the California Secretary of State as a corporation formed in Delaware.

6.    Upon information and belief, Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's trademark, have contributed to the infringement of Plaintiff's trademark, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently

unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GENERAL FACTUAL ALLEGATIONS

8.     TOP is the corporation for the Grammy Award-winning band *Twenty One Pilots*, started by Tyler Joseph and Josh Dun. *Twenty One Pilots* is a world renown band who have performed to millions of fans across the globe and made music that has received over a billion streams.  TOP own registered trademarks for "TWENTY ONE PILOTS" (*Ser Nos. 98422355 and 86842960)*, the logo consisting of one straight line and one slanted with a connecting line between them (*Ser No 98422349*), and the logo with "TWENTY ONE PILOTS" (*Ser No. 85469220)*. We will refer to the aforementioned marks collectively as the "Subject Marks" herein.

| Twenty One Pilots' Marks: |
| --- |
| TWENTY ONE |
| TWENTY ONE |

1
2
3
4
5
6
7
8
9
10
11
12



13    9.    The Subject Marks have been damaged and put at risk by Temu's

14 knowing and systematic marketing and sale of counterfeit versions of the brand's

15 trademark on products. These marks are confusingly and/or virtually identical to

16 Plaintiff's trademarks. Such products devalue TOP's brand and status in the rock

17 milieu and create a false association between the brand and Temu. TOP have been

18 forced to bring these claims against Temu to address these damages.

19    10.    Below are non-exclusive exemplars of true and correct versions of

20 TOP' products bearing the Subject Marks sold by Temu through the Temu website

21 https://www.temu.com ("Temu Online Store").

22
23
24
25
26
27
28



| TOP's Product A | Accused Product A |
|---|---|
| SAI CIRCLE DRAG T-SHIRT $35.00 USD | Twenty One Pilots Fla... $8.31 |
| TOP's Product B | Accused Product B |
| BACK 2 BACK EAGLE T-SHIRT $35.00 USD | Twenty One Pilots Offi... $7.54 Almost sold out |

17.    Below are non-exclusive exemplars of the Temu listings on the Temu Online Store for its prints and products bearing the Subject Marks:







































### **FIRST CLAIM FOR RELIEF**

(For Trademark Infringement - Against All Defendants, and Each)

11.     The aforementioned paragraphs are incorporated herein as fully set forth herein.

12.     Temu's infringement of TOP's intellectual property rights is stark, pervasive, and willful, as reflected in the comparisons of the Subject Marks and the Temu counterfeits.

13.     TOP own the Subject Marks and at no time authorized Temu to exploit the Subject Marks in any manner. Despite this lack of consent, Temu marketed, sold, shipped, processed, payment for, and otherwise facilitated transactions involving countless counterfeit copies of the Subject Marks in violation of TOP's rights.

14.     Temu's unauthorized exploitation of TOP's name, logo, and signature aesthetic also violated the trademark and trade dress rights of TOP.

15.     Temu exploited both TOP's name, as well as the appearance and aesthetic of the TOP artwork, to confuse the public and create a false association and sponsorship between TOP, Temu, and Temu's products. Temu's products are knowing recreations of the Subject Marks and caused confusion in the marketplace as to sponsorship and association as well as provenance. Temu 's marketing and sales of said copies violated the Lanham Act.

16.     Tyler Joseph and Josh created and started using the *Twenty One Pilots* name professionally and in connection with their music continuously for at least the last ten years. A prominent feature of rock culture and related merchandise is the repeated use of a name or image that brands the artwork and identifies the work's author for the viewer. TOP now owns the *Twenty One Pilots* mark and has created, distributed, and otherwise created and sold physical and online art and merchandise featuring the Subject Marks.

17.    TOP have continually used the Subject Marks in connection with the advertising, distribution, and sale of its products and music. The Subject Marks have become a staple of rock music.

18.    TOP also maintains a website, https://store.twentyonepilots.com, at which it sells clothing, and records, and publishes information about the brand.

19.    TOP's uses of the Subject Marks are readily identifiable by consumers and fans and have grown in popularity since they were first created. TOP's use of the Subject Marks to brand their clothing and accessories has been continuous and extensive and resulted in significant goodwill accruing to the Subject Marks. The use of the name *Twenty One Pilots* or the specific graphic image of the bands logo in the brand's signature style is an indication that the clothing or accessories are associated with TOP and the use of the Subject Marks are a source identifier for the products and art. TOP do not use the Subject Mark ssimply for ornamental purposes, but to identify their art, brand, company, and product. The Subject Marks have been used to brand this art and merchandise for over a decade and have been used to such a degree that they indicate to the public that TOP is the source of the product or artwork which bears the mark.

20.    TOP is informed and believes and thereon alleges that Temu is a merchandise company that markets, advertises, and sells wall art in the form of prints and apparel some of which is of similar style to TOP's brand and is aimed and marketed to the same market and demographic. However, Temu offers its products at a far lower price point and a fraction of the quality.

21.    TOP is informed and believes and thereon alleges that after they marketed, advertised, and sold merchandise featuring the Subject Marks, Temu copied the Subject Marks, and/or employed a confusingly similar mark, and incorporated same into Temu's products without TOP's consent

22.    TOP is informed and believes that Temu used their artwork and the Subject Marks as a template for its own marketing because its products are identical or nearly identical to TOP's and are aimed at the same demographic.

23.    Temu has used in commerce a mark substantially similar to the Subject Marks which have reached considerable notoriety within the art community and developed credibility among consumers. TOP's fonts, styles, and aesthetics as used in connection with the Subject Marks, as evidenced by the product exemplars above have resulted in consumer engagement and notoriety. As evidenced by the comparison of exemplars above, Temu distributed and sold products bearing the Subject Marks or marks confusingly similar. Further, Temu markets and advertises its own brand using the same marketing tactics and aesthetics as employed by TOP for years.

24.    The comparison of the Subject Marks and Temu's unlawful exploitation of the Subject Marks illustrated above clearly shows the similar nature of the uses and the likelihood it would impact purchasing decisions and confuse the consumer. Temu purposefully acted in a manner that would falsely designate the origin of its use of the Subject Marks on its own products to TOP.

25.    The likelihood of consumer confusion grows when you review the online marketplace, where most shopping and purchasing occurs. TOP is informed and believes and thereon alleges that Temu, before committing the acts alleged herein, was aware of TOP's artwork, logo, brand, stature in the art communities and markets, and use of the Subject Marks, and accessed the Subject Marks, via TOP's social media accounts and/or online store and then reproduced and incorporated the Subject Marks into Temu products without TOP' consent.

26.    The above comparisons make it apparent that Temu unlawfully reproduced, copied, used, or otherwise exploited TOP's Subject Marks and have adopted a mark that is substantially and confusingly similar to the Subject Marks

27.    TOP at no point authorized Temu to use the Subject Marks or exploit TOP's Subject Marks as complained of herein.

28.    On information and belief it is alleged that consumers have been confused as to the source of Temu's products and have concluded that TOP is associated with, sponsored, endorsed, or is otherwise affiliated with Temu's products.

29.    TOP, through counsel, advised Temu of the violations of their rights and sought redress for the above violations, but Temu failed to meaningfully respond, necessitating this action.

30. As a direct and proximate result of Temu's wrongful acts, TOP have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

31.    TOP is informed and believe and based thereon allege that Temu, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on TOP, and with willful and deliberate disregard for the consequences to TOP. By reason thereof, TOP is entitled to recover statutory, punitive, and exemplary damages from Temu, in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

(For Unfair Competition under Section 43(a) of the Lanham Act, False Endorsement (15 U.S.C. § 1125(a)) - against all Defendants, Each)

32.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33.    Plaintiff's signature and name have secondary meaning, as that term is understood in trademark law. Further, Plaintiff has registered trademarks with the United States Patent and Trademark Office. As described above, Temu has falsely used artwork reflecting Plaintiff's name and signature on apparel, prints, and other

products, creating the false impression that the Plaintiff endorses Temu. Members of the public have come to recognize the Plaintiff's signatures, trademarks, and name as suggestive of the Plaintiff's involvement or endorsement when they are used in commerce. Temu made a calculated and underhanded effort to promote their products and attract customers using the goodwill and recognition that many have come to associate with Plaintiff's name, signature, and registered trademarks, thereby generating revenue for Temu.

34.    The goodwill and reputation associated with Plaintiff's name, signature, and registered trademark are significant throughout the general public. The Plaintiff's name, signature, and registered trademarks are known throughout the United States, the State of California, and the world, as a source of origin for their artwork, services and endorsements.

35.    Temu's use of the Plaintiff's name, signature, and registered trademarks are designed to create and do create the false and deceptive commercial impression that Temu and their products are associated with and/or endorsed by the Plaintiff. The use by Temu of the Plaintiff's name, signature, artwork, and registered trademarks is likely to cause confusion, mistake, or deception of purchasers as to the Plaintiff's endorsement of the goods.

36.    On information and belief, it is alleged that Temu is offering to sell, selling, and marketing products bearing counterfeit marks, knowing one or more of the marks was registered, with the counterfeit marks being identical with, or substantially indistinguishable from, Plaintiff's marks.

37.    Customers and potential purchasers are likely to be attracted to Temu's goods as a result of the misconduct described herein. Such goods enjoy an elevated standing as a result of a false association with the Plaintiff.

38.    By Temu's conduct alleged here, Temu has wrongfully appropriated for itself business and goodwill value that properly belongs to the Plaintiff and that the Plaintiff has invested time, money, and energy in developing.

39.   By reason of Temu's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damages to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

40.   By virtue of Temu's acts hereinabove described, Temu has committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

41.   Given Temu's sale, offering for sale, and/or distribution of counterfeit goods, it is liable for treble damages, attorneys' fees, and statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just.

42.   Temu's acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to the Plaintiff (as described herein) and is likely to continue unabated, thereby causing further damage and irreparable harm to the Plaintiff, and to the goodwill associated with the Plaintiff's valuable and well-known name, signature, artwork, and registered trademarks; and the Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

43.   The Plaintiff has no adequate remedy at law and will suffer irreparable injury if Temu is allowed to continue to engage in the wrongful conduct herein described.

44.   In committing these acts of unfair competition, Temu acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

### THIRD CLAIM FOR RELIEF

(For Unfair Competition under California Business and Professions Code §§ 17200, *et seq*.- against all Defendants, Each)

45.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

46.    Temu, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Temu violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Temu seeks to deceive consumers regarding Temu's association with Plaintiff, and (b) the general public and trade is likely to be confused regarding the business relationship between the Plaintiff and Temu. Further, without limiting the generality of the foregoing, the harm to the Plaintiff and to members of the general public far outweighs the utility of Temu's practices and, consequently, Temu's practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

47.    The Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to their businesses and reputation, as a direct and proximate result of Temu's conduct (as described above). Unless Temu is enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which the Plaintiff is without an adequate remedy at law. Accordingly, the Plaintiff is entitled to a preliminary injunction and permanent injunction against Temu and its officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

48.    As a direct result of Temu's unlawful, unfair, fraudulent, and deceptive business practices, Temu has received, and continue to receive, income and profits

that they would not have earned but for their unlawful, unfair, and deceptive conduct and the Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

49.     By reason of Temu's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damage to their businesses in the form of loss of profits, and a dilution in the value of their rights and reputations, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

50.     The Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

51.     In committing these acts of unfair competition, Temu acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

52.     Temu's conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to the Plaintiff's valuable business relationships and consumer relations and will require the Plaintiff to undertake efforts to mitigate damage to such relations, all to the Plaintiff's detriment.  Further, such mitigation will require substantial time, effort, and expenditures by the Plaintiff, all to the Plaintiff's detriment.

## <u>FOURTH CLAIM FOR RELIEF</u>

(For Unfair Competition under California Common Law- against all Defendants, Each)

53.     Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

54.     Plaintiff alleges on information and belief that any association or implied relationship or sponsorship between Plaintiff, Plaintiff's marks, and the

Temu marketplace constitutes unfair competition as it will tarnish and devalue Plaintiff's marks because not only is Temu subject to allegations of egregious and horrific business practices, but it regularly stocks, markets, and sells products that shock the conscience, including without limitation those set forth below, which reflect Temu's complicity marketing and selling product endorsing homophobia and violent criminal gang activity.  The foregoing conduct of constitutes unfair competition under the common law of the State of California.

55.    As a result of Temu's actions, the Plaintiff has been damaged in an amount to be proven at trial.

## **FIFTH CLAIM FOR RELIEF**

(For Violation of California Civil Code § 3344 - against all Defendants, Each)

56.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

57.    California Civil Code § 3344(a) provides:

"Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (emphasis added)

58.    Defendants used Plaintiff's name, likeness, and signature on products and advertising. Such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services by Temu, such that prior consent was required.

59.    As a direct and proximate result of Temu's wrongful acts, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

60.    Plaintiff is informed and believe and based thereon allege that Temu, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover statutory, punitive, and exemplary damages from Temu, in an amount to be determined at the time of trial.

61.    Plaintiff seeks actual and statutory damages under this section, as well as their costs and attorneys' fees. They also seek a preliminary and permanent injunction to prohibit Temu from any further use of their name or persona for Temu's advantage.

## SIXTH CLAIM FOR RELIEF

(For Misappropriation of Likeness under California Common Law - against all Defendants, Each)

62.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

63.    Temu's conduct alleged above, constitutes a violation of the Plaintiff's common law rights of publicity and privacy, because Temu knowingly used Plaintiff's name and signature for their advantage and without authorization.

64.    Plaintiff is informed and believe and based thereon allege that Temu in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on

Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Temu in an amount to be determined at the time of trial.

65.    Plaintiff also seeks a preliminary and permanent injunction to prohibit Temu from any further use of Plaintiff's name and signature for Temu's advantage. They also seek actual damages.

### SEVENTH CLAIM FOR RELIEF

(For Violation of 15 U.S.C.A. § 1114 - against all Defendants, Each)

66.    Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

67.    Per 15 U.S.C.A. § 1114 any person that, without the consent of the trademark registrant, "use[s] in commerce any reproduction, counterfeit, copy... a registered mark in connection with the sale, offering for sale... or advertising of any goods... with which such use is likely to cause confusion, or to cause mistake, or deceive" consumers shall be liable in a civil action brought by the registrant. Temu's apparel and goods offered for sale contain counterfeits of Plaintiff's trademarks and are likely to cause confusion, mistake or deception on consumers.

68.    As alleged above, Temu counterfeited Plaintiff's trademarks by reproducing their protected intellectual property on goods and apparel. Temu then placed these goods and apparel with identical marks for sale on their e-commerce website.

69.    Similarly, and alleged above, Temu exploited Plaintiff's trademarks in the advertising of the counterfeit goods in order to confuse consumers. Temu intentionally marked and advertised the counterfeited goods under the corresponding mark in order to deceive consumers or cause consumers to confuse or mistake the counterfeited goods with the true and authentic marks.

70.    Temu used in commerce counterfeit or copied registered marks in connection with the sale of goods that are likely to cause confusion without the consent or authorization of Plaintiff. Temu's conduct violates 15 U.S.C.A. Section 1114.

71.    On information and belief, Temu's use of the trademarks in connection with the sale of goods was done with the knowledge and intent to cause confusion, mistake, or to deceive consumers.

72.    Plaintiff has sustained significant injury and monetary damages as a result of Temu's wrongful acts as alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts.

73.    15 U.S.C.A. Section 1117 provides recovery for the violation of rights of the registrant of a mark registered with the Patent and Trademark Office. Section 1117(a) provides remedies for willful violations, including recovery of (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Subsection (b)(1) provides for treble damages if the violation consists of "intentional use of the mark, knowing such mark or designation is counterfeit mark... in connection with the sale, offering for sale..." Additionally, subsection (c) provides a remedy for statutory damages in connection to the sale of counterfeit marks in the amount of (1) "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale... as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

74.    Temu's use of the counterfeit marks was willful, and with the knowledge and intent to confuse, mistake and/or deceive consumers into purchasing the knock-off goods.

75.    Plaintiff has been injured and will continue to suffer injury because of Temu's violations of 17 U.S.C.A. Section 1114 and is entitled to Temu's profits, treble, and statutory damages.

## EIGHTH CLAIM FOR RELIEF

(For Violation of 15 U.S.C.A. § 1125 -against all Defendants, Each)

76. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

77. Per 15 U.S.C.A §1125 "any person who, on or in connection with any goods or services …uses in commerce any word term, name, symbol… or any false designation of origin… which is likely to cause confusion… or mistake … as to the affiliation, connection, or association of such person with another person…or approval of his or her goods, services or commercial activities by another person… or in commercial advertising… misrepresents the nature, characteristics, qualitys, or geographic origin… of his goods… shall be liable in a civil action by any person that he or she is or is likely to be damaged by such act." Temu's marketing, sale, and distribution of products bearing the Subject Marks are likely to cause consumer confusion of their association with TOP's goods and marks.

78. Per 15 U.S.C.A §1125(c)(1) "the owner of a famous mark… shall be entitled to an injunction against a person who… after the owner's mark has become famous, commences use of a mark… that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark… regardless… of actual or likely confusion, of competition , or of actual economic injury." Temu's sale of products containing Plaintiff's famous mark are likely to cause dilution by blurring though their website containing numerous products with substantial similarity to Plaintiff's famous mark, that impairs the distinctiveness of their famous mark. Moreover, Temu's listings containing offensive and derogatory products next to ones containing Plaintiff's famous mark harms the reputation of the famous mark though association with those products.

79. Plaintiff's marks are famous due to the stated above worldwide spread of their music and image through the sales, streaming, and live performances of their musical work associated with their marks

80. Temu's sale of products is likely to cause dilution by blurring due to the similarity between the items sold on their website and the famous marks, the expansive degree of recognition of the famous mark, and the distinctiveness of the famous marks.

81.Temu's website listing products for sale that are offensive and obscene along side of their sale of the infringing items with Plaintiff's marks is likely to cause dilution by tarnishment through consumers association of them together harming the reputation of the famous marks.

82. Temu listing for sale of products containing Plaintiff's marks alongside both substantially similar and offensive items diluted Plaintiff's marks by both blurring and tarnishment. Temu's conduct violates 17 U.S.C.A. Section 1125

83. Plaintiff has sustained significant injury and monetary damages as a result of Temu's wrongful acts as alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts.

84. 15 U.S.C.A. Section 1117 provides recovery for the violation of rights of the registrant of a mark registered with the Patent and Trademark Office. Section 1117(a) provides remedies for willful violations, including recovery of (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Subsection (b)(1) provides for treble damages if the violation consists of "intentional use of the mark, knowing such mark or designation is counterfeit mark... in connection with the sale, offering for sale..." Additionally, subsection (c) provides a remedy for statutory damages in connection to the sale of counterfeit marks in the amount of (1) "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale... as the court considers just; or (2) if the court finds that the use of the counterfeit mark was

willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

85. Temu's sale of both similar products to Plaintiff's mark and sale of obscene products was willful; and with the knowledge and intent to confuse, mistake and/or deceive consumers into purchasing their products.

86. Plaintiff has been injured and will continue to suffer injury because of Temu's violations of 17 U.S.C.A. Section 1125 and is entitled to Temu's profits, treble, and statutory damages.

## **PRAYER**

WHEREFORE, Plaintiff prays that judgment be entered against Temu as follows:

1.    That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, due to the acts complained of herein, subject to proof at trial;

2.    That Plaintiff is awarded their costs and expenses in this action;

3.    That Plaintiff is awarded their attorneys' fees;

4.    For an order permanently enjoining Temu and its employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.    That Temu be ordered to immediately recall and remove all subject advertisements from all remaining locations, physical or digital;

6.    That Temu be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.    For disgorgement of all proceeds, and restitution of the monies wrongfully received by Temu as the result of their wrongful conduct, and for

the entry of a constructive trust over all such proceeds to be then tendered to Plaintiff;

8.      That Plaintiff be awarded statutory, actual, treble, and exemplary damages, including without limitation as available under the Lanham Act, 15 U.S.C.A. § 1114 & 15 U.S.C.A §1125;

9.      That Plaintiff is awarded punitive damages in an amount sufficient to deter Temu from their wrongful conduct; and

10.     For further relief, as the Court may deem appropriate.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Date: September 9, 2025                    Respectfully submitted,


By:   /s/ *Jeff S. Gluck*
        Jeffrey S. Gluck, Esq.
        GLUCK LAW FIRM
        Attorneys for Plaintiff


By:   /s/ *Scott Alan Burroughs*
        Scott Alan Burroughs, Esq.
        Andres Navarro, Esq.
        DONIGER / BURROUGHS
        Attorneys for Plaintiff